IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT CHARLES ANTHONY KING,   )
                                   )
          Plaintiff,     )
                                   )
        v.               )        1:24CV761
                                   )
GUY LUCUS, et al.,         )
                                   )
          Defendants.    )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

This action arises from Plaintiff Robert Charles Anthony King's arrest and pre-trial detention in Alamance County, North Carolina. Before the court are six motions. King has moved for default against three Defendants: Jaleesa Washington, Guy Lucus, and Isaac Groves. (Doc. 23 at 2-3.) In the same motion, he also requests to amend the complaint. (Id. at 3.) Defendants Sean Boone and Elizabeth Oliver (Doc. 12), Jaleesa Washington (Doc. 35), Justyn Melrose and Hodgin Carrie (Doc. 25), and Christian Wilson, Dean Culler, Joey England, John P. Paisley, and Terry Johnson (Doc. 29) have moved to dismiss the complaint. For the reasons set forth below, King's motion for default and motion for leave to amend the complaint will be denied, and the motions to dismiss will be granted.

## I.   BACKGROUND

The facts alleged in the complaint are accepted as true for

purposes of the motions to dismiss and are viewed in the light most favorable to King.

King was arrested on August 12, 2019 by the Alamance County Sheriff's Office ("ACSO"), detained pre-trial, and then acquitted by a jury on September 16, 2022. (Doc. 1 at 8.) He has brought claims pursuant to 42 U.S.C. § 1983 and for "Defamation, Slander, Liberal [sic], Kidnapping[,] 4th, 5th, 6th, 8th and 14th Amendment[,] Parental Rights[,] False Imprisonment, False arrest, [and] Malicious Prosecution" against Guy Lucus, Justyn Melrose, Isaac Groves, Hodgin Carrie, Dale Doe, Melanie Davis, Terry Johnson, Sean Boone, Elizabeth Oliver, Jaleesa Washington, Christian Wilson, Dean Culler, Joey England, and John Paisley. (Id. at 2-5.)

Lucus, Melrose, Groves, Carrie, Doe, and Davis work for news media companies. Lucus and Melrose are employed by "High Point Fox 8 News." (Id. at 7.) Groves is employed at "Burlington Time News." (Id.) Carrie is employed by "WXII 12 News." (Id.) Doe and Davis are employed by Mebane Enterprise. (Id. at 2.)

The other Defendants are employed by Alamance County. Sheriff Terry Johnson is the Sheriff of Alamance County, and Washington, Wilson, Culler, and England are employed by the ACSO. (Id. at 6-7.) Boone is the District Attorney of Prosecutorial District 17, and Oliver is an Assistant District Attorney with the same district. (Id. at 6.) Finally, John Paisley is an Alamance County

2

Commissioner.  (Id. at 4.)

King alleges generally that the ACSO and the Alamance County District Attorney did not adequately investigate his case to ensure he was not wrongfully accused.  (Id. at 8.)  As to the particular Defendants, he first alleges that Boone and Oliver violated his "4th[,] 5th[,] 6th[,] 8th[,] and 14th Amendments [sic] [rights], Defamation, Slander, Liberal [sic], Kidnapping, Parental Constitution violation, false Imprisonment, false arrest[,] Malicious Prosecution[,] 42 [U.S.] Code 1983."  (Id. at 8.)  He further alleges that Johnson, Paisley, Wilson, Culler, England, and Washington "all violated [his] Constitution[al] right[s] as a parent [d]etaining [King] against his will and falsely [i]mprison[ing] [him] over three '3' years of confin[e]ment made defamation, slander and Liberial [sic] against [him], Kid[]nap[p]ing 4th, 5th, 6th, 8th, and 14th Amendment, false arrest, [and] Malicious Prosecuti[on]."  (Id.)  King alleges he had proof of his innocence, but these defendants "failed to c[o]nduct [a] safe investigation nor had any proof of evidence of time fram[e]."  (Id. at 8, 10.)  He states he "was in fact in full legal custody and was award[ed] sole custody by Guilford County High Point. Alamance never had Jurisdiction over subject matter nor was [resident] of Alamance county at all."  (Id. at 10.)  King "was not able to get [a] Bail Hearing for three '3' years."  (Id.) He finally alleges that Lucus, Melrose, Doe, Davis, Groves, and

3

Carrie "all work at or as a reporter for the News and made a Defamation Slander Liberal [sic] about the Plaintiff." (Id. at 9.)

King filed his complaint on September 16, 2024. (Doc. 1.)

## II. ANALYSIS

### A. Motion for Default

King moved for default judgment on January 15, 2025. (Doc. 23.) He argues that Defendants were served "with the Summonses December 4th, 2024, by Certified mail tracking." (Id. at 1.) Therefore, he contends, Defendants were required to respond to the complaint by December 26, 2024. (Id.) King asserts that while Defendants Johnson, Wilson, Culler, England, Paisley, Melrose, Carrie, Oliver, and Boone did timely respond, the other Defendants did not. (Id. at 2.) He explains that the summonses for Doe and Davis were returned to him on December 9, 2024, as undeliverable. (Id.) But he argues that Washington, Lucus, and Groves failed to respond and moves for default judgment against the three defendants. (Id. at 2-3.)

Washington is the only Defendant to respond to King's motion. She argues that default judgment is not warranted against her because (1) King did not first obtain entry of default pursuant to Federal Rule of Civil Procedure 55(a), (2) Washington's motion to dismiss is sufficient to preclude default judgment, and (3) King's complaint is insufficient to state a claim. (Doc. 37 at 3-7.)

4

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004). Rule 55 outlines a "two-step process" for default proceedings: first, the entry of default pursuant to Rule 55(a), and second, the entry of a default judgment pursuant to Rule 55(b). VLM Food Trading Int'l, Inc. v. Illinois Trading Co., 811 F.3d 247, 255 (7th Cir. 2016); Canady v. Erbe Elektromedizin GmbH, 307 F. Supp. 2d 2, 8-9 (D.D.C. 2004).

Federal Rule of Civil Procedure 55(a) provides that the "clerk must enter" a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Although Rule 55 contemplates that the clerk enter default as a ministerial act, the district court also enjoys the inherent power to do so. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Once default is entered, the party may apply for a default judgment pursuant to Rule 55(b). If the "claim is for a sum certain or a sum that can be made certain by computation" and the other party "has been defaulted for not appearing and [ ] is neither a minor nor an incompetent person," the clerk is required to enter a judgment at the party's request. Fed. R. Civ. P. 55(b)(1). Otherwise, "the party must apply to the court for a default judgment" under Rule

5

55(b)(2). See <u>Mystic Retreat Med Spa & Weight Loss Ctr. v.</u> <u>Ascentium Cap. LLC</u>, No. 1:21-CV-00515, 2021 WL 4993088, at *1 (M.D.N.C. Oct. 27, 2021).

King has not satisfied the procedural requirement of Rule 55 because he has submitted only a motion for default judgment without a request for an entry of default as required by Rule 55(a). Furthermore, King has not demonstrated that Washington, Lucus, and Groves were properly served with process. Before entry of default or default judgment may be entered, "service of process must be effective under the Federal Rules of Civil Procedure," <u>Md. State</u> <u>Firemen's Ass'n v. Chaves</u>, 166 F.R.D. 353, 354 (D. Md. 1996), because "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant," <u>Koehler v. Dodwell</u>, 152 F.3d 304, 306 (4th Cir. 1998). Here, King has only asserted that a summons was mailed to each Defendant. Federal Rule of Civil Procedure 4(c)(1) requires that both a summons and a copy of the complaint be served on each Defendant. In his Declaration of Proof of Service filed on December 13, 2024, King stated that "all signed summons[es]" had been served on Defendants, other than Doe and Davis, whose summonses were returned to the sender. (Doc. 5.) In his motion for default, King again asserts that the summonses were served on Defendants in December 2024 but does not mention copies of the complaint. (Doc. 23 at 1.) Indeed, Washington argues in

6

her amended motion to dismiss and in her response to King's motion that he only ever attempted to serve her with the summons. (Doc. 36 at 7; Doc. 37 at 5-6.) In a declaration attached to Washington's amended motion to dismiss, Annabelle Smith, a paralegal for Alamance County, explains that she received service of process that was intended for Washington, and it only included a summons. (Doc. 35-1 at 1-2.) Failure to serve Defendants with a copy of the complaint renders King's attempt at service insufficient.

Washington also has not been entirely unresponsive in this action. She responded to King's motion for default and has filed a motion to dismiss the complaint. It is in the court's discretion to grant default judgment "when the 'adversary process has been halted because of an essentially unresponsive party.'" Sewell v. Fid. Nat'l Fin., No. PWG-15-3077, 2016 WL 728012, at *3 (D. Md. Feb. 24, 2016) (quoting SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005)), aff'd, 668 F. App'x 510 (4th Cir. 2016) (denying default judgment when defendants had not been unresponsive, despite their filings being late). That is not the case here at least as to Washington, and in any case, the court will not grant default judgment when effective service has not been demonstrated. Therefore, King's motion for default judgment will be denied.

## B. Motion for Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a plaintiff may amend a complaint once as a matter of course within

7

twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). After that period, a plaintiff may amend only with either the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court"). The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citation omitted); see Foman, 371 U.S. at 182 (same). A claim may be futile "if the proposed change advances a claim or defense that is legally insufficient on its face," in which case "the court may deny leave to amend." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir. 1994) (citing Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil, § 1487, at 637 (1991)) (alterations adopted); see Joyner v. Abbott Labs, 674 F. Supp. 185, 190 (E.D.N.C. 1987). Thus, "[a] motion to amend a complaint is futile 'if the proposed claim would not survive a motion to dismiss.'" Pugh v. McDonald, 266 F. Supp. 3d 864, 866 (M.D.N.C. 2017) (quoting James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

In King's motion for default judgment, he requests to "[add] injunction [sic] relief to [his] claim." (Doc. 23 at 1.) This is not a proper motion, and even if the court were to construe this request as a motion for leave to amend the complaint, King failed to attach a proposed amended complaint to his motion in violation of Local Rule 15.1. His motion is defective on that basis alone.

King seeks injunctive relief requiring all employees of the ACSO and Alamance County Detention Center to wear body cameras while on duty, for those entities to install cameras in "cells, all enclosed rooms, office[s] and control[] rooms," and for those camera recordings to be kept at least three years. (Doc. 23 at 3.) King argues that this would "ensure the security, safety and control[] for All Employees, Pretrial [Detainees], Inmates and Citizens" and would reduce "Assaults, Misconduct of any person, Person [sic] being Framed, Accused of any wrongful act as well as wrongful [sic] charged or conviction." (Id.) King's motion was filed more than twenty-one days after his complaint had been filed. Therefore, the court considers whether "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber, 438 F.3d at 426.

Even if King's request to amend the complaint were properly made, it would plainly be futile. In order to obtain permanent injunctive relief, "[a] plaintiff must demonstrate: (1) that [he]

9

has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Any injunction must also be narrowly tailored to the facts of the case. See PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 128 (4th Cir. 2011).

King cannot show that he will suffer irreparable harm because this factor requires a showing that there is concrete threat of future injury. The Supreme Court has explained that "irreparable injury" is "a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). King has not provided any facts that even suggest he may be wronged by Defendants in the future. He has been acquitted of the (unspecified) crime(s) with which he was charged and is no longer in custody. Indeed, he does not live in Alamance County or even North Carolina at this time, but in Florida. The relief requested also is not narrowly tailored to the facts of this case. He seeks an injunction that would apply to employees of the Alamance County Detention Center, but neither this entity nor its employees is a Defendant in this action. The requested injunctive

10

relief is also overbroad. For example, it would require every employee, not just law enforcement officers, of the ACSO and the Alamance County Detention Center to wear body cameras and for "all enclosed rooms" to have cameras, even those not being used for interrogation or detention. King has not demonstrated that such broad relief is at all related, let alone narrowly tailored, to remedying the claims arising from his arrest and pre-trial detention. Therefore, King's amendment is futile, and his request to file an amended complaint will be denied.

### C. Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

11

curiam), and all reasonable inferences must be drawn in the non-moving party's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, so as to "nudge[] the[] claims across the line from conceivable to plausible," id. at 570. See Iqbal, 556 U.S. at 678. Thus, mere legal conclusions should not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

### 1. Boone and Oliver

Boone and Oliver move to dismiss King's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. 12.) They argue that the claims against Boone in his official capacity are barred by the Eleventh Amendment (Doc. 13 at 6), and that the claims against both Defendants in their individual capacities are barred by absolute prosecutorial immunity (id. at 4). Boone and Oliver also argue that King's complaint fails to state a claim. (Id. at 7.)

12

King responds that the text of 42 U.S.C. § 1983 precludes prosecutorial immunity because it refers to "every person." (Doc. 24 at 3.) He also makes a policy argument that absolute immunity should only extend to an "honest" prosecutor and not to prosecutors that "abuse their power." (Id.)

King brings a number of claims in this action, specifically claims pursuant to § 1983 and the "4th, 5th, 6th, 8th and 14th Amendment[s]," and what the court presumes to be state law claims for "Defamation, Slander, Liberal [sic], Kidnapping, . . . Parental Rights[,] False Imprisonment, False arrest, [and] Malicious Prosecution." (Doc. 1 at 5.) He does not specify which of these claims are being brought against which Defendants, which is a fatal pleading error. Nevertheless, the court thus assumes that all of these claims are being brought against Boone and Oliver.

### a. Eleventh Amendment Immunity

As Boone argues, King's claims against him in his official capacity are barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although by its terms the Eleventh Amendment applies to suits brought against a State by

13

"Citizens of another State," it is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). It is also well understood that the Eleventh Amendment bars suits against States and any State instrumentality properly characterized as an "arm of the State." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429-30 (1997). And "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (citations omitted). Eleventh Amendment immunity has only limited exceptions: (1) a State may waive its immunity; (2) Congress may abrogate a State's immunity; and (3) a plaintiff may sue for prospective injunctive relief against State officials acting in violation of federal law pursuant to the doctrine of Ex parte Young, 209 U.S. 123 (1908). See Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex parte Young, 209 U.S. at 123); Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999).

None of the exceptions to Eleventh Amendment immunity applies to the § 1983 and intentional tort claims brought in this case. See, e.g., Will, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under

14

§ 1983."); <u>Nivens v. Gilchrist</u>, 444 F.3d 237, 249 (4th Cir. 2006) (holding that § 1983 claims against a district attorney in his official capacity were barred by the Eleventh Amendment); <u>Gunter v. S. Health Partners, Inc.</u>, No. 1:16CV262, 2017 WL 1194227, at *5 (M.D.N.C. Mar. 30, 2017) ("Although the [North Carolina] Tort Claims act authorizes recovery for negligent torts, intentional torts committed by agents and officers of the State are not compensable under the Tort Claims Act." (citation omitted)) (holding that claim for false imprisonment was barred by sovereign immunity). Thus, the court will dismiss King's claims against Boone in his official capacity pursuant to Rule 12(b)(1). <u>See South Carolina v. United States</u>, 221 F. Supp. 3d 684, 692 (D.S.C. Oct. 31, 2016) ("Assertions of governmental immunity are properly addressed under Rule 12(b)(1)." (citing <u>Smith v. Wash. Metro. Area Transit Auth.</u>, 290 F.3d 201, 205 (4th Cir. 2002))).

### b.  Failure to State a Claim

The only allegations in the complaint regarding Boone and Oliver are that they are employed as the District Attorney and Assistant District Attorney, respectively, in Alamance County and that they violated King's "4th[,] 5th[,] 6th[,] 8th[,] and 14th Amendments [sic] [rights], Defamation, Slander, Liberal [sic], Kidnapping, Parental Constitution violation, false Imprisonment, false arrest[,] Malicious Prosecution[,] 42 [U.S.] Code 1983." (Doc. 1 at 8.)  King further alleges that the Alamance County

15

District Attorney's Office generally did not adequately investigate his case. (Id.)

The nature of King's "4th[,] 5th[,] 6th[,] 8th[,] and 14th Amendment[]" claims is unclear. (Id.) He provides no detail about the kinds of claims he seeks to bring pursuant to these constitutional amendments, beyond those described by his more specific claims of "Defamation, Slander, Liberal [sic], Kidnapping, Parental Constitution violation, false Imprisonment, false arrest[,] [and] Malicious Prosecution." (Id.) The court presumes these more specific claims are brought pursuant to 42 U.S.C. § 1983 and under state law.

Defamation is not actionable under § 1983. Garrett v. Aube, No. 8:18-1449, 2018 WL 3628848, at *2 (D.S.C. May 31, 2018) (citing Paul v. Davis, 424 U.S. 693, 697-710 & nn.3-4 (1976)). Defamation, under North Carolina law, requires the plaintiff to allege that "the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." Cannon v. Peck, 36 F.4th 547, 559 (4th Cir. 2022) (quoting Griffin v. Holden, 636 S.E.2d 298, 302 (N.C. Ct. App. 2006)). Libel and slander are the two forms of defamation; "libel is written while slander is oral." Id. (quoting Tallent v. Blake, 291 S.E.2d 336, 338 (N.C. Ct. App. 1982)).

A § 1983 claim for malicious prosecution is one "founded on

16

a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." Smith v. Munday, 848 F.3d 248, 252-53 (4th Cir. 2017) (quoting Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000)). To demonstrate such a claim, the plaintiff must show "that (1) the defendant ha[s] seized plaintiff pursuant to legal process that was not supported by probable cause and (2) that the criminal proceedings have terminated in plaintiff's favor." Id. at 253 (quoting Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014) (alterations in original)). Under North Carolina law, to state a common law tort claim for malicious prosecution, King would similarly need to show that "the defendant (1) instituted, procured or participated in the criminal proceeding against the plaintiff; (2) without probable cause; (3) with malice; and (4) the prior proceeding terminated in favor of the plaintiff." Wall v. Gulledge, No. 1:22-cv-31, 2024 WL 4503823, at *13 (M.D.N.C. Oct. 16, 2024) (quoting Braswell v. Medina, 805 S.E.2d 498, 506 (2017)).

To establish a § 1983 claim for false arrest or false imprisonment, the plaintiff "must show that he was seized by [the defendant] without probable cause." English v. Clarke, 90 F.4th 636, 646 (4th Cir. 2024). Under North Carolina law, "a cause of action in tort will lie for false imprisonment, based upon the 'illegal restraint of one's person against his will.' A false arrest, i.e., one without proper legal authority, is one means of

17

committing false imprisonment." Caraway v. City of Pineville, 639
F. Supp. 3d 560, 588 (W.D.N.C. 2022) (quoting Myrick v. Cooley,
371 S.E.2d 492, 494 (1988)).

As for King's claim that his parental rights under the
Constitution were violated, there is indeed a "fundamental liberty
interest of natural parents in the care, custody, and management
of their child" that is protected by the Fourteenth Amendment.
Santosky v. Kramer, 455 U.S. 745, 753 (1982). In order to show
that his procedural due process rights have been violated, King
must show that (1) he had a protected life, liberty, or property
interest (2) of which the defendant deprived him (3) without due
process of law. See Rockville Cars, LLC v. City of Rockville, 891
F.3d 141, 146 (4th Cir. 2018); Sansotta v. Town of Nags Head, 724
F.3d 533, 540 (4th Cir. 2013). On the other hand, "a plaintiff
asserting a § 1983 substantive due process claim must allege both
the deprivation of his life, liberty or property interest by a
state actor, and that the deprivation of this interest was
'arbitrary in the constitutional sense.'" Callahan v. N.C. Dep't
of Pub. Safety, 18 F.4th 142, 145 (4th Cir. 2021) (quoting Collins
v. City of Harker Heights, 503 U.S. 115, 125 (1992)). North
Carolina has not recognized a claim for tortious interference with
parental rights. See Bossian v. Chica, 910 S.E.2d 682, 689 (N.C.
Ct. App. 2024). However, the Restatement (Second) of Torts § 700
states that "an action may be maintained by the parent who is

18

entitled to the custody of a minor child against one who by force abducts the child from its home, or one who induces the child to leave its home with knowledge that the parent has not consented."

Finally, kidnapping is not cognizable as a tort under North Carolina law or as a § 1983 claim.

King's allegations are conclusory and do not offer any facts about the actions of Boone and Oliver as they relate to King's claims. He provides no statement made by Defendants that could have been defamatory or any facts to suggest the charges brought against him were not supported by probable cause. Indeed, King does not even state the offense for which he was prosecuted. He also does not provide any facts whatsoever about how his parental rights were violated. In fact, his complaint does not allege that he has children.

The Supreme Court stated in Iqbal that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. 556 U.S. at 678. Here, King falls short of even reciting the elements of the many claims he brings against these defendants and alleges no facts to plausibly state those claims. Thus, King's claims against Boone and Oliver in their individual capacities will be dismissed pursuant to Rule 12(b)(6). See, e.g., Rodgers v. NVR Inc.-Ryan Homes, No. 3:23-CV-179, 2023 WL 5493602, at *2 (W.D.N.C. Aug. 24, 2023) (dismissing a complaint that "fail[ed] to identify specific

19

conduct by each Defendant that violate[d] [the plaintiff's] rights" and did not indicate "which allegations match[ed] up with which claimed violation"); <u>Holt v. Stroman</u>, No. 3:12-CV-03539, 2015 WL 1061990, at *3 (D.S.C. Mar. 11, 2015) (dismissing a complaint that included only "conclusory statements, outline[d] the relevant law with only vague allusions to the alleged facts, [and] mentioned a few facts that still [fell] far short of showing how [the defendant's] actions [met] the elements of the causes of action alleged").

### 2. Jaleesa Washington

Washington initially moved to dismiss King's complaint pursuant to Rule 12(b)(6). (Doc. 20.) Twenty-one days later, she filed an amended motion seeking to dismiss the complaint pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). (Doc. 35.) Washington argues that her amended motion to dismiss was filed as of right because it fell within the twenty-one-day window under Rule 15(a). (Doc. 36 at 2.) Rule 15 applies to pleadings, not motions to dismiss, but the court in its discretion will consider Washington's amended motion to dismiss. In support of her amended motion, Washington argues that dismissal is appropriate pursuant to (1) Rule 12(b)(2) because she was never properly served and the court thus lacks personal jurisdiction over her, (2) Rule 12(b)(4) because she was not served with a copy of the complaint and was nevertheless improperly named in it, (3) Rule 12(b)(5) because

20

service of process, attempted by mailing the summons to Washington's former employer, was insufficient, and (4) Rule 12(b)(6) for failure to state a claim. (Id. at 5-9.) King did not respond to either motion.

The court has already determined that service of process was insufficient as to Washington. When a defendant raises a defense pursuant to Rules 12(b)(4) and 12(b)(5), the plaintiff bears the burden of establishing compliance. Ballard v. PNC Fin. Servs. Group, Inc., 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009)). And while King is proceeding pro se and is entitled to a certain liberal construction of his complaint, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the court need not ignore clear defects, Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009). Even pro se litigants must follow the proper procedural rules of the court. And it is not the court's role to become an advocate for the pro se litigant. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Here, King has failed to carry his burden. He has not demonstrated that he properly served Washington; in fact, he has not responded to her motion to dismiss or amended motion to dismiss.

Alternatively, Washington is also correct that King's complaint fails to state a claim against her. The complaint alleges that she is employed by the ACSO as a detective and that she "violated [his] Constitution[al] right[s] as a parent

21

[d]etaining [King] against his will and falsely [i]mprison[ing] [him] over three '3' years of confin[e]ment made defamation, slander and Liberial [sic] against [him], Kid[]nap[p]ing 4th, 5th, 6th, 8th, and 14th Amendment, false arrest, [and] Malicious Prosecuti[on]." (Doc. 1 at 3, 8.) King brings all of the same claims he brought against Boone and Oliver against Washington. As with those allegations, this vague and conclusory statement, bereft of factual support, is insufficient to state a claim pursuant to Rule 12(b)(6). King does not provide any facts about Washington's conduct and certainly does not describe how her conduct would make any of the myriad claims he brings against her plausible. See, e.g., Rodgers v. NVR Inc.-Ryan Homes, No. 3:23-CV-179, 2023 WL 5493602, at *2 (W.D.N.C. Aug. 24, 2023); Holt v. Stroman, No. 3:12-CV-03539, 2015 WL 1061990, at *3 (D.S.C. Mar. 11, 2015).

As for King's allegation that he was detained pre-trial for three years, it is not clear whether he seeks to bring a separate claim challenging the length of his pre-trial detention or whether this claim is one and the same with his false imprisonment claim. If King does seek to bring a separate claim, Washington had no control over the length of King's detention and thus could not be held liable under this theory. See Wilson v. City of New York, 480 F. App'x 592, 594 (2d Cir. 2012) (explaining that the court is "responsible for deciding whether and for how [long] a defendant

22

may be detained, not the defendant police officers"). Therefore, King's complaint against Washington will be dismissed for insufficiency of process and service of process and, in the alternative, for failure to state a claim.

### 3. Melrose and Carrie

Melrose and Carrie move to dismiss the complaint against them pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. 25.) King did not respond. The complaint states that Melrose works for "High Point Fox 8 News" and Carrie works for "WXII 12." (Doc. 1 at 2.) It then alleges that they "made a Defamation[,] Slander[,] Liberal [sic] about the Plaintiff." (Id. at 9.) These conclusory allegations are insufficient to state a claim. King does not identify any defamatory statements concerning him made by Melrose and Carrie and does not explain how any such statements injured his reputation. Just as with King's claims against Boone, Oliver, and Washington, he again fails to describe any conduct that would make any of the claims he brings against Melrose and Carrie plausible. Therefore, his claims against Melrose and Carrie will be dismissed for failure to state a claim.

### 4. Johnson, Wilson, Culler, England, and Paisley

Johnson, Wilson, Culler, England, and Paisley ("County Defendants") move to dismiss the complaint against them pursuant to Rules 12(b)(2), (5) and (6). (Doc. 29.) They first argue that the summons and complaint were not properly served on them and,

23

therefore, that the complaint should be dismissed for insufficiency of service of process pursuant to Rules 12(b)(2) and (5). (Doc. 30 at 7.) County Defendants contend that they were only served with the summonses and not with copies of the complaint in violation of Federal Rule of Civil Procedure 4 and North Carolina Rule of Civil Procedure 4. (<u>Id.</u> at 7-8.)

County Defendants next argue that any state law claims brought against Defendants Johnson and Paisley in their official capacities in this action are barred by governmental immunity. (<u>Id.</u> at 10-11.) They explain that King has not alleged waiver of this immunity by either the purchase of liability insurance or bond. (<u>Id.</u> at 11.) They finally point out that even if King had alleged waiver of immunity by purchase of a bond, the surety would need to be joined as a party to this action, and it is not. (<u>Id.</u>)

As for all claims brought against County Defendants in their individual capacities, they contend that any § 1983 claims are barred by qualified immunity and any state law claims by public official immunity. (<u>Id.</u> at 12-13.) County Defendants assert that qualified immunity bars § 1983 claims against government officials sued in their individual capacities unless the plaintiff alleges a violation of clearly established law. (<u>Id.</u> at 12.) They contend that King "failed to allege any specific violation of law, much less any specific violation of clearly established law." (<u>Id.</u>) County Defendants further argue that public official immunity bars

24

any state law claims brought against them in their individual capacities because any challenged conduct occurred while performing governmental duties involving judgment and discretion, and no exceptions to this immunity, such as acting outside their scope of authority, with malice, or corruptly, were alleged in the complaint. (Id. at 13.)

County Defendants also argue that all claims against them should be dismissed for failure to plead sufficient facts. They contend that King's "allegations are unsupported, incomplete, incoherent, or altogether non-existent." (Id. at 15.)

Finally, County Defendants move for dismissal of King's defamation, libel, and slander claims because they are not actionable under § 1983 and are time-barred under state law. (Id. at 19, 21.) Under North Carolina law, they argue, defamation is subject to a one-year state of limitations period, and King has not alleged the publication of a defamatory statement in or after September 2023, one year prior to the filing of his complaint. (Id. at 21.) In fact, County Defendants contend that King has not identified any defamatory statement made or alleged its publication in the complaint. (Id.)

King has not responded to County Defendants' motion to dismiss.

### a. Service of Process

As County Defendants point out, it is King's burden to prove

25

that service of process was effective.  (Id. at 7.); see Ballard v. PNC Fin. Servs. Group, Inc., 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009)).  King himself has asserted that Defendants were only served with summonses and has not otherwise made a showing of proper service of process.  County Defendants, on the other hand, have submitted three declarations demonstrating that copies of the complaint were not served on them.  (Doc. 30-1 (Declaration of Terry Johnson); Doc. 30-2 (Declaration of Annabelle Smith); Doc. 30-3 (Declaration of Tory Frink).)  Therefore, all claims against County Defendants will be dismissed for insufficient service of process pursuant to Rule 12(b)(5).

### b. Official Capacity Claims Against Johnson and Paisley

Alternatively, King's state law claims against Johnson and Paisley in their official capacities are also barred by governmental immunity.[1]  Johnson is the sheriff of Alamance County, and Paisley is a county commissioner.  By suing these Defendants in their official capacities, King has in effect sued the office of the sheriff and the county itself.  See, e.g., Hunter v. McFadden, No. 3:21-CV-63, 2021 WL 1030239, at *1 (W.D.N.C. Mar. 16, 2021); Welton v. Durham County, No. 17-CV-258, 2017 WL 3726991,

---

[1] King brings claims against Johnson in only his official capacity but does not specify whether the claims against Paisley are brought against him in his individual or official capacity.  The court thus addresses any possible claims against Paisley in both his individual and official capacities.

26

at *6 (M.D.N.C. Aug. 28, 2017). Pursuant to North Carolina law, "[a] county, as a governmental agency, exercises the police power of the State and is thus exempt from liability under the common law rule of governmental immunity." Baucom's Nursery Co. v. Mecklenburg County, 366 S.E.2d 558, 560 (N.C. Ct. App. 1988); see also Simmons v. Corizon Health, Inc., 122 F. Supp. 3d. 255, 268 (M.D.N.C. 2015) ("[S]heriffs are immune from suit absent a waiver of immunity."). A county can waive governmental immunity "by consenting to suit, purchasing liability insurance, or purchasing a bond." Safford v. Barnes, 191 F. Supp. 3d 504, 506 (M.D.N.C. 2016) (citing Sellers v. Rodriguez, 561 S.E.2d 336, 339 (N.C. Ct. App. 2002)). King has not alleged that any of these waivers of immunity are present. Therefore, any state law claims against Johnson and Paisley in their official capacities are dismissed on the alternative ground of governmental immunity.

### c. Specific Claims

Defamation is not actionable under § 1983. Garrett v. Aube, No.8:18-1449, 2018 WL 3628848, at *2 (D.S.C. May 31, 2018) (citing Paul v. Davis, 424 U.S. 693, 697-710 & nn.3-4 (1976)). And King's state law claims for defamation, slander, and libel are indeed time-barred. N.C. Gen. Stat. § 1-54(3) (2020) (providing one-year statute of limitations for defamation claims). King alleges he was acquitted in September 2022 and does not allege any conduct that occurred after that time. The statute of limitations for any

27

statement published in 2022, though notably one is not actually alleged in the complaint, would have expired in 2023, and King's complaint was filed in September 2024. Because the statute of limitations bar can be determined on the face of the complaint, the court finds them time-barred. Dickinson v. Univ. of N.C., 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) ("To succeed on a statute-of-limitations defense at [the motion to dismiss] stage, all facts necessary to show the time bar must clearly appear 'on the face of the complaint.' " (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007))). Thus, King's defamation claims against County Defendants will be dismissed, in the alternative, as time-barred.

The complaint alleges that Wilson, Culler and England are employed by the ACSO, that Johnson is the sheriff of Alamance County, and that Paisley is an Alamance County Commissioner. (Doc. 1 at 3-4, 6-7.) King asserts that these Defendants "violated [his] Constitution[al] right[s] as a parent [d]etaining [King] against his will and falsely [i]mprison[ing] [him] over three '3' years of confin[e]ment made defamation, slander and Liberial [sic] against [him], Kid[]nap[p]ing 4th, 5th, 6th, 8th, and 14th Amendment, false arrest, [and] Malicious Prosecuti[on]." (Id. at 8.) He further alleges that the ACSO "did not investigate or Interview everyone to ensure that Plaintiff is not wrongful[l]y accus[ed]." (Id.) King states that County Defendants "failed to c[o]nduct safe

28

investigation nor had any proof of evidence of time fram[e]." (Id. at 10.)

King's allegations are insufficient to state any of the many claims he brings against County Defendants and are entirely conclusory. He does not provide sufficient facts to demonstrate that his arrest was without probable cause, and he does not identify a defamatory statement made by any of the County Defendants. Nor does King explain how his "Constitution[al] right[s] as a parent" were violated. (Id. at 8.) Regarding his claim that he was detained pre-trial for three years, County Defendants, like Defendant Washington, did not determine or control the length of King's detention and thus cannot be held liable for it. See Wilson, 480 F. App'x at 594. All of the claims brought against County Defendants, therefore, fail to state a claim against them.

## III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Boone and Oliver's motion to dismiss (Doc. 12), Washington's amended motion to dismiss (Doc. 35), Melrose and Carrie's motion to dismiss (Doc. 25), and County Defendants' motion to dismiss (Doc. 29) are GRANTED, and the claims against these Defendants are DISMISSED as follows:

1. All claims against Boone, Johnson, and Paisley in their official capacities are DISMISSED WITH PREJUDICE.

29

2.  King's defamation, slander, and libel claims against County Defendants are DISMISSED WITH PREJUDICE.

3.  All other claims against Boone, Oliver, Washington, Melrose, Carrie, and the County Defendants (Johnson, Wilson, Culler, England, and Paisley) are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that King's motion for default (Doc. 23) is DENIED.

IT IS FURTHER ORDERED that King's motion for leave to amend the complaint (Doc. 23) is DENIED.

> /s/   Thomas D. Schroeder
> United States District Judge

June 10, 2025